### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., )<br>　　　　　Plaintiff, )<br>　　v. )<br> )<br>ICEBOX, INC., d/b/a ICEBOX DIAMONDS )<br>& WATCHES, and d/b/a )<br>SWISSWATCHES.COM; ICEBOX )<br>ATLANTA, LLC; SWISS WATCHES GA, )<br>LLC; SWISS WATCH CO., LLC; MOIZZ )<br>JOOMA; RAFI JOOMA; and ZAHIR JOOMA, )<br> )<br>　　　　Defendants. ) | Civil Action No. |

### COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING; FEDERAL TRADEMARK INFRINGEMENT; FALSE ADVERTISING; FEDERAL FALSE DESIGNATION OF ORIGIN; FALSE <u>DESCRIPTION AND UNFAIR COMPETITION</u>

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), for its complaint against defendants Icebox, Inc., d/b/a Icebox Diamonds & Watches, and d/b/a/ SwissWatches.com; Icebox Atlanta, LLC; Swiss Watches GA, LLC; Swiss Watch Co., LLC; Moizz Jooma; Rafi Jooma; and Zahir Jooma (collectively the "Defendants"), hereby alleges as follows:

## STATEMENT OF THE CASE

1.      This is an action by Rolex against Defendants for injunctive relief, profits, trebled and/or statutory damages, pre-judgment interest, attorneys' fees and costs under the Lanham Act based on Defendants' counterfeit and infringing use of Rolex's trademarks in connection with the creation of a false association with Rolex and false advertising, promotion, service and sale of watches and watch parts that are not genuine ROLEX-branded products.

## SUBJECT MATTER JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.      Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## PARTIES AND PERSONAL JURISDICTION

5.      Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 650 Fifth Avenue, New York, NY 10019.

6.    Upon information and belief, Defendant Icebox, Inc. ("Icebox") d/b/a Icebox Diamonds & Watches and d/b/a/ SwissWatches.com is a corporation organized and existing under the laws of the State of Georgia, having an office and principal place of business at 3255 Peachtree Road Northeast #2, Atlanta, Georgia 30305.  Upon information and belief, Icebox has committed the tortious acts complained of within this Judicial District.

7.    Upon information and belief, Defendant Icebox Atlanta, LLC ("Icebox Atlanta") is a limited liability company organized and existing under the laws of the State of Georgia, having an office and principal place of business at 3255 Peachtree Road Northeast #2, Atlanta, Georgia 30305.  Upon information and belief, Icebox Atlanta has committed the tortious acts complained of within this Judicial District.

8.    Upon information and belief, Defendant Swiss Watches GA, LLC ("Swiss Watches GA") is a limited liability company organized and existing under the laws of the state of Georgia, having an office and principal place of business at 3255 Peachtree Road Northeast #2, Atlanta, Georgia 30305.  Upon information and belief, Swiss Watches GA has committed the tortious acts complained of within this Judicial District.

9.    Upon information and belief, Defendant Swiss Watch Co., LLC ("Swiss Watch Co.") is a limited liability company organized and existing under the

laws of the State of Georgia, having an office and principal place of business at 3255 Peachtree Road Northeast #2, Atlanta, Georgia 30305. Upon information and belief, Swiss Watch Co. has committed the tortious acts complained of within this Judicial District.

10.     Upon information and belief, Defendant Moizz Jooma ("Moizz") is an individual with a principal place of business at 3325 Peachtree Road Northeast #2, Atlanta, Georgia 30305. Upon information and belief, Moizz Jooma is the President and Chief Executive Officer, as well as an owner, manager, and operator and controlling individual who is the moving force behind defendants Icebox, Icebox Atlanta, Swiss Watches GA, and Swiss Watch Co., and has actively and knowingly caused the tortious acts complained of within this Judicial District.

11.     Upon information and belief, Defendant Rafi Jooma ("Rafi") is an individual with a principal place of business at 3325 Peachtree Road Northeast #2, Atlanta, Georgia 30305. Upon information and belief, Rafi Jooma is the Chief Financial Officer, and an owner, manager, and operator and controlling individual who is the moving force behind defendants Icebox, Icebox Atlanta, Swiss Watches GA, and Swiss Watch Co., and has actively and knowingly caused the tortious acts complained of within this Judicial District.

12.   Upon information and belief, Defendant Zahir Jooma ("Zahir") is an individual with a principal place of business at 3325 Peachtree Road Northeast #2, Atlanta, Georgia 30305.  Upon information and belief, Zahir Jooma is the corporate secretary for, and an owner, manager, operator and controlling individual who is the moving force behind defendants Icebox, Icebox Atlanta, Swiss Watches GA, and Swiss Watch Co., and has actively and knowingly caused the tortious acts complained of within this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Rolex's Famous Trademarks

13.   Rolex is one of the preeminent luxury and best-known watch brands in the United States and also the world.  For many decades, Rolex watches have been and remain among the most coveted and bestselling luxury watch brands in the United States, worn by scores of famous people and celebrities.

14.   Rolex's recognition for excellence in the luxury watch market is widely recognized by consumers, news organizations, and business, fashion and lifestyle publications such as the New York Times, Wall Street Journal, Vanity Fair and Architectural Digest.

15.   As early as 1912, Rolex has been the distributor and warrantor of new Rolex watches in the United States.

- 5 -

16.    Every Rolex watch is designed, produced and tested with constant attention to detail.  Rolex has identified eight fundamental qualities that characterize every Rolex watch: precision, waterproofness, autonomy, robustness, simplicity, craftsmanship, comfort and durability. Genuine ROLEX-branded watches, featuring the Rolex Registered Trademarks (defined below), including Rolex's ROLEX and CROWN DESIGN trademarks, are precision timepieces, known for timing accuracy.  Rolex watches are self-winding and powered by the movement of the wrist.

17.    Every genuine ROLEX-branded watch, featuring the Rolex Registered Trademarks, including Rolex's ROLEX and CROWN DESIGN trademarks, include the following components: (1) the watch movement (the internal time-keeping mechanism); (2) the watch case; (3) the dial; (4) the bezel; and (5) the watch bracelet (sometimes also called the watch band).

18.    Rolex promotes, markets, sells and services in interstate commerce throughout the United States high quality Rolex watches, watch bracelets, and related products (collectively, "Rolex Watches").

19.    Rolex Watches are of exceptionally high quality and are identified by the trade name and trademark ROLEX.

- 6 -

20.    Rolex is responsible for maintaining control over the quality of Rolex Watches and watch-related services in the United States.

21.    Rolex employs extensive testing and uses proprietary high-technology equipment to guarantee the precision, water resistance, self-winding and power reserve of the watch.

22.    A Rolex movement receives the designation of Superlative Chronometer, after it is submitted to the COSC, the Swiss Official Chronometer Testing Institute, for its official certification, after 15 days and 15 nights of testing involving seven eliminating criteria in five static positions and at three temperatures. After casing the movement, Rolex tests the precision of each watch over a 24-hour cycle, in seven static positions as well as in a rotating rack, according to an exclusive methodology that simulates real-life wear.

23.    The water resistance of each watch is tested by subjecting it to excess internal air pressure and then by immersion in a hyperbaric tank.  Watches guaranteed waterproof to a depth of 100 meters are tested at a water pressure equivalent to their rated depth plus 10 percent, while divers' watches – waterproof to 300, 1,220 and 3,900 meters – are tested with an additional safety margin of twenty-five percent.

24.    Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.

25.    Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office, among others:

| **Trademark** | **Reg. No.** | **Reg. Date** | **Goods** |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX** | 4,458,519 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks, and jewelry |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| **PRESIDENT** | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ **(Crown Design)** | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♛ **(Crown Design)** | 1,755,226 | 3/2/1993 | Jewelry. |
| **DATEJUST** | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| **GMT-MASTER** | 0,683,249 | 8/11/1959 | Watches. |
| **COSMOGRAPH** | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| **SEA-DWELLER** | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| **MILGAUSS** | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |
| **SUBMARINER** | 1,782,604 | 7/20/1993 | Watches. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/1996 | Watches. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **DAYTONA** | 2,331,145 | 3/21/2000 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/2001 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/2001 | Watches. |
| **AIR-KING** | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/2005 | Watches and parts thereof. |
| **SUPERLATIVE CHRONOMETER** | 7,774,629 | 4/29/2025 | Watches and parts thereof. |

Correct and true copies of these federal trademark registrations (collectively, the "Rolex Registered Trademarks") are attached as **Exhibit 1**, which is incorporated herein by reference.

26.    The Rolex Registered Trademarks are in full force and effect and (other than SUPERLATIVE CHRONOMETER) have become incontestable pursuant to 15 U.S.C. § 1065.

27.    The Rolex Registered Trademarks are distinctive and used to identify high quality products originating with Rolex.

28.    The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

29.    Rolex has used the ROLEX and CROWN DESIGN trademark for nearly a century on and in connection with Rolex Watches and related products. As such, the ROLEX and CROWN DESIGN trademarks are two of the most famous marks in the world.

30.    Rolex has used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches well prior to the activities of the Defendants complained of herein.

31.    Most Rolex Watches are identified by Rolex's registered ROLEX and/or ♛ (the "CROWN DESIGN") trademarks and one or more of, but not limited to, the following registered trademarks owned by Rolex: OYSTER, OYSTER PERPETUAL, PRESIDENT, DATEJUST, COSMOGRAPH, GMT-MASTER, YACHT-MASTER, SUBMARINER, and DAYTONA (see **Exhibit 1**).

32.    Because of the superior quality of Rolex Watches, consumers have long come to expect a Rolex Watch to be reliable, durable and maintain its timekeeping precision for years, if not decades.

33.    Each Rolex Watch case bears a unique serial number.  Through that serial number Rolex is able to identify the original manufacture date and model of the Rolex Watch.

34.    New Rolex Watches are sold exclusively by Official Rolex Jewelers and are accompanied by a five (5) year warranty.

35.    Rolex also issues a two (2) year service warranty for Rolex Watches it services.

36.    The material alteration of Rolex Watches by the substitution or modification of integral parts renders the Rolex warranty null and void, because Rolex can no longer assure the quality, integrity or performance of such watches. Similarly, Rolex may no longer service such watches, because it cannot guarantee the quality or performance of such watches.

37.    Rolex Watches are known to retain and/or increase in value, and the purchase of a pre-owned Rolex Watch is highly regarded in the watch industry as a smart and reliable investment. Rolex Watches are built to last and customers view Rolex Watches as heirlooms that can last several lifetimes.

38.    Rolex also authorizes the sale of pre-owned Rolex Watches by its Official Rolex Jewelers through its Rolex Certified Pre-Owned watch program. Rolex ensures and guarantees the quality and function of each watch sold as a Rolex Certified Pre-Owned watch. Each Rolex Certified Pre-Owned watch comes with a two (2) year warranty.

## DEFENDANTS' ACTIVITIES

39.    Defendants' activities, complained of herein, began long after Rolex's adoption, use and registration of the Rolex Registered Trademarks on and in connection with its Rolex Watches.

- 11 -

40.    Defendants sell, offer for sale, and market diamond jewelry and luxury diamond embellished Rolex-branded watches at their brick-and-mortar store located in Atlanta, and through their websites and online marketplaces as detailed below.

41.    Defendants operate, own, and/or use the websites http://www.icebox.com and www.SwissWatches.com (Defendants' "Websites") to advertise, promote, offer for sale and sell merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Attached as **Exhibit 2** are representative screenshots of the Defendants' Websites taken on March 6 and March 7, 2025.

42.    Defendants operate, own, and/or use the website www.instagram.com/icebox/ and www.instagram.com/swisswatches.com/ ("Defendants' Instagram Pages") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Attached as **Exhibit 3** are representative screenshots of the Defendants' Instagram Page taken on March 7 and 10, 2025.

43.    Defendants operate, own, and/or use the website www.facebook.com/icebox/ ("Defendants' Facebook Page") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or

more of the Rolex Registered Trademarks.  Attached as **Exhibit 4** are representative screenshots of the Defendants' Facebook Page taken on March 7, 2025.

44.    Defendants    operate,    own,    and/or    use    the    website www.tiktok.com/@icebox/ ("Defendants' TikTok Page") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Attached as **Exhibit 5** are representative screenshots of the Defendants' TikTok Page taken on March 6, 2025.

45.    Defendants    operate,    own,    and/or    use    the    websites www.youtube.com/@icebox/    and    www.youtube.com/@swisswatchescom ("Defendants' YouTube Pages") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Attached as **Exhibit 6** are representative screenshots of the Defendants' YouTube Page taken on March 26, 2025.

46.    Defendants have a significant following on their social media accounts, including but not limited to, on Defendants' Instagram Page (4.7 million followers), Defendants' Facebook Page (964K followers), Defendants' TikTok Page (8.1 million followers), and Defendants' YouTube Page (2.72 million subscribers) (collectively, "Defendants' Social Media Accounts").

47.    On or about October 8, 2024, Rolex's investigator visited Icebox Diamonds & Watches and SwissWatches.com at their retail stores located at 3255 Peachtree Road, Northeast #2 and #3, Atlanta, Georgia 30305. The sign above the entrance reads: "Icebox Diamonds & Watches."  At Icebox Diamonds & Watches, Defendants offer for sale and sell jewelry and luxury diamond watches, including pre-owned ROLEX-branded watches that have been altered to include, among other things, non-genuine diamond dials, bezels and/or watch bracelets.

48.    The following are photographs taken by Rolex's investigator of some of the materially altered ROLEX-branded watches being displayed at Defendants' Icebox Diamonds & Watches retail store:





49.    Defendants' Icebox Diamonds & Watches retail store shares store space with a second brick-and-mortar retail store owned and operated by Defendants, called SwissWatches.com. The address for Swiss Watches.com is 3325 Peachtree Road Northeast #3, Atlanta, Georgia 30305.  The entrance to both retail stores is the same, located at 3325 Peachtree Road Northeast #2.

50.    During the visit by Rolex's investigator, Defendants' sales associate stated that SwissWatches.com sold "factory Rolex watches," and that the two stores share the same ownership.    The following are photographs taken by Rolex's investigator of some of the ROLEX-branded watches being displayed at Defendants' SwissWacthes.com retail store:







51.   On October 8, 2024, Rolex's investigator purchased at Defendants' Retail Store a watch that Defendants' sales associate described as a stainless steel Rolex Lady Datejust, 26MM, with a diamond bezel, and a mother-of-pearl dial with diamond markers for $8,200.99 ("Icebox Counterfeit ROLEX-branded Watch"). The following are photographs of the Icebox Counterfeit ROLEX-branded Watch (the "Counterfeit Icebox ROLEX-branded Watch"):





52.    Rolex examined the Counterfeit Icebox ROLEX-branded Watch and determined that it was originally sold as a stainless steel and white gold, ROLEX Lady Datejust model reference 179174, with fluted bezel and black dial, and distributed in 2008.  The alterations to the original watch and working condition of the Counterfeit Icebox ROLEX-branded Watch include the following:

a.    The original dial has been replaced with a counterfeit dial that is not of Rolex manufacture and bears counterfeit copies of the trademarks ROLEX, OYSTER PERPETUAL, and DATEJUST, which were unevenly painted onto the surface of the dial;

b.    The counterfeit ROLEX-branded dial also bears a replication and counterfeit copy of Rolex's CROWN DESIGN trademark, which was attached to the dial with a visible adhesive, which fails to meet Rolex's high-quality standards;

c.    The settings on the counterfeit ROLEX-branded dial for the "diamond" markers appear to be made of a non-precious metal, and have fractured prongs, which is inconsistent with Rolex's high-quality standards;

d.    The machining of the back of the counterfeit ROLEX-branded dial is not to the quality standards of Rolex;

    e. The original, white gold, fluted bezel was replaced with a white metal of some kind with "diamonds," neither of which were of Rolex manufacture nor consistent with Rolex's high-quality standards; and

    f. The underside of the bezel has a recess crudely machined or carved out to make room for the winding crown. This unauthorized modification and its execution are inconsistent with and fail to meet Rolex's high-quality standards.

53. The Rolex Registered Trademarks are the only source identifiers visible on the Counterfeit Icebox ROLEX-branded Watch.

54. The Counterfeit Icebox ROLEX-branded Watch no longer performs or functions to the same quality standards as unaltered, entirely genuine pre-owned Rolex Watches.

55. Defendants are not now, nor have they ever been, associated, affiliated, or connected with, or licensed, endorsed or sanctioned by Rolex.

56. Defendants' Icebox and SwissWatches.com Websites, their Instagram Page, and their other online sales and marketing accounts falsely advertise and offer for sale ROLEX-branded watches in a manner calculated to mislead consumers.

57.    Defendants' SwissWatches.com website used recent official advertising photographs of Rolex watches copied without permission from Rolex's website to create a misleading false association with Rolex and falsely advertise and promote the sale of Defendants' ROLEX-branded watches in violation of Rolex's intellectual property rights.

58.    Although SwissWatches.com was not and never has been an actual authorized Rolex Jeweler, the SwissWatches.com website posted a list of "Authorized Rolex Dealers," that featured unauthorized and embedded images copied from the Rolex website of actual Official Rolex Jewelers.  The use of these copied images and links is designed to free ride on Rolex's hard-earned goodwill and reputation, and to create and further the false and misleading narrative that SwissWatches.com is an Official Rolex Jeweler and/or is otherwise associated, affiliated, or connected with Rolex, when it is not.

59.    On March 4, 2025 Rolex, through its counsel, sent Defendants a demand letter requesting that they cease and desist from the acts complained of herein. Attached hereto as **__Exhibit 7__** is a copy of the letter addressed to Defendants.

60.    By letter dated March 28, 2025 counsel for Defendants responded to Rolex's letter and counsel for the parties engaged in subsequent communications regarding the conduct complained of herein.

61.    Despite communications between counsel, Defendants continued to engage in the acts of promoting, displaying, offering for sale and selling ROLEX-branded altered watches bearing non-Rolex and/or counterfeit parts.  Attached as **Exhibit 8** hereto are representative screen shots of Defendants' www.icebox.com Website taken on May 14, 2025.

62.    Defendants' acts as aforesaid are and were deliberately calculated to confuse and deceive the public and were performed with full knowledge of Rolex's rights.  Said acts constitute willful and deliberate infringement of Rolex's rights in the Rolex Registered Trademarks.

63.    Rolex is not able to monitor, enforce or maintain its quality control standards on the altered/counterfeit Rolex products Defendants assemble, offer for sale and sell.

64.    Defendants' use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendants' products and services emanate or originate from Rolex, and/or that said products and services are authorized, sponsored, or approved by Rolex, even though they are not. This confusion causes irreparable harm to Rolex and the Rolex Registered Trademarks.

65.    Defendants' use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendants' ROLEX-branded watches will meet the high standards of Rolex's quality, craftsmanship, durability and timekeeping accuracy.

66.    Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex Watches and the Rolex Registered Trademarks.

67.    Defendants' acts, as set forth herein, were willful and deliberate. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

68.    Rolex has suffered irreparable harm and damages as a result of Defendants' infringing and tortious conduct.

69.    Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

70.    Rolex has no adequate remedy at law.

## FIRST CAUSE OF ACTION

## Trademark Counterfeiting, 15 U.S.C. § 1114

71.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1 - 70 herein.

72.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the ROLEX, CROWN DESIGN, DATEJUST and OYSTER PERPETUAL trademarks, and possibly other Rolex Registered Trademarks, on the counterfeit ROLEX-branded watches they sell.

73.    Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, offering for sale and sale of counterfeit ROLEX-branded watches.

74.    Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

    a.  Cause confusion, mistake and/or deception;

    b.  Cause the public to believe that Defendants' counterfeit ROLEX-branded watches are genuine Rolex Watches, or that Defendants' ROLEX-branded products are authorized, sponsored or approved by Rolex, when they are not; and

c. Result in Defendants unfairly benefiting from Rolex's advertising and promotion, and profiting from Rolex's reputation and the Rolex Registered Trademarks, all to the substantial and irreparable injury to the public, Rolex, the Rolex Registered Trademarks, and the substantial goodwill represented thereby.

75.   Defendants' acts as aforesaid constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

76.   By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing three times Rolex's damages and/or Defendants' profits, whichever is greater, or, at Rolex's election, statutory damages; and (b) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## <u>SECOND CAUSE OF ACTION</u>

### **Trademark Infringement, 15 U.S.C. § 1114**

77.   Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1 - 70 herein.

78.   Defendants use the Rolex Registered Trademarks to advertise and promote their ROLEX-branded watches in a manner which is likely to cause consumer confusion and mistake and to deceive consumers into believing that the

Defendants' ROLEX-branded products and services are in some way authorized, sanctioned, or affiliated with Rolex, when they are not.

79. Defendants' activities, complained of herein, constitute use in commerce of copies or colorable imitations of the Rolex Registered Trademarks in a manner which is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

80. Defendants have engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendants and the merchandise they sell are in some way sponsored by, or affiliated or associated with Rolex, when in fact they are not.

81. Defendants' acts as aforesaid constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

82. By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### False Advertising in Violation Of 15 U.S.C. § 1125(a)

83.    Rolex repeats and realleges the allegations set forth in Paragraphs 1 - 70 herein.

84.    Defendants, on their Websites, Social Media Accounts, and other consumer-facing marketing and promotional materials, falsely advertise by implication that all ROLEX-branded watches that they offer for sale and sell are genuine Rolex watches.  As alleged above, contrary to their advertising claims made to the public, Defendants in fact have engaged in the sale and offering for sale of counterfeit and non-genuine ROLEX-branded watches, while falsely advertising by implication that such items are genuine.

85.    In promoting and offering for sale watches bearing counterfeit ROLEX-branded dials and non-Rolex bezels Defendants are representing to consumers that their watches are genuine ROLEX-branded watches, and failing to disclose the effects such parts have upon the watch, Defendant Icebox falsely advertises via implication and/or misleads consumers into thinking that the ROLEX-branded products they sell are genuine.  By so doing, Defendants are misrepresenting the nature, characteristics and/or qualities of certain of its ROLEX-branded goods.

86.    Upon information and belief, Defendants made these false and misleading representations in order to take advantage of Rolex's renown and reputation so as to induce consumers to purchase Defendants' ROLEX-branded products.

87.    Defendants' implicit false statements of the authenticity, nature and quality of its ROLEX-branded watches have caused and are likely to cause consumers to mistakenly believe that Defendants' watches are the genuine products of Rolex when, in fact, they are not.

88.    Defendants' false and misleading advertisements about its ROLEX-branded watches have actually deceived or are likely to deceive a substantial portion of the intended audience and harm Rolex's reputation.

89.    The false and misleading misstatements made by Defendants are material and are likely to influence purchasing decisions, including decisions to purchase such goods from Defendants.

90.    Defendants' conduct as described herein was and is willful or willfully blind.  Defendants' conduct described herein is causing immediate and irreparable injury to Rolex, by selling counterfeit goods, and by harming Rolex's goodwill and reputation, and will continue to damage Rolex and deceive consumers unless enjoined by this Court.

91.    Defendants' acts constitute false advertising and false representations in violation of 15 U.S.C. § 1125(a).  Rolex has no adequate remedy at law.

92.    Upon information and belief, Defendants received substantial revenues and substantial profits arising out of its acts of passing off and false advertising to which it is not entitled, and Rolex also suffered damages as a result of Defendants' acts of false advertising, for which Defendants are responsible.

## FOURTH CAUSE OF ACTION

### False Association and Endorsement/Unfair Competition, 15 U.S.C. § 1125(a)

93.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1 - 70 herein.

94.    Defendant SwissWatches.com repeatedly, prominently and pervasively exploited the ROLEX name and the Rolex Registered Trademarks, imagery of ROLEX-branded watches, and other indicia of Rolex and the ROLEX brand in its marketing and promotional materials, which convey and create a false association with Rolex, and in doing so, unfairly competes.

95.    For example, Defendant SwissWatches.com used images of Rolex watches copied, without permission, directly from Rolex's website and also used listings (displaying Rolex showrooms and point of sale displays) of "Authorized Rolex Dealers" copied, without permission, from Rolex's website.

96.    Embedding these images into Defendant SwissWatches.com's website creates a false association with Rolex and advertises an association between Defendant SwissWatch.com and Rolex which is false and misleading.

97.    Defendant SwissWatches.com's conduct, from which it benefited financially directly and/or indirectly, is/was willful and caused immediate and irreparable injury to Rolex, through diversion of business and/or by harming Rolex's goodwill and reputation, and will continue to damage Rolex and deceive consumers unless enjoined by this Court.

98.    By reason of the foregoing, Defendant SwissWatches.com is also liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendant SwissWatches.com's profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## FIFTH CAUSE OF ACTION

### False Designation of Origin, False Descriptions and Representations, and Unfair Competition, 15 U.S.C. § 1125(a)

99.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1 - 70 herein.

100.    Defendants' acts as aforesaid constitute the use in commerce of false designations of origin, false descriptions and representations, and unfair competition because such designations, descriptions and representations tend to falsely

designate, describe and/or represent Defendants' counterfeit and altered watches as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

101. By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests a judgment in favor of Rolex providing the following relief:

I.    That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them, be enjoined and restrained from:

a.    Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

b.    Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or dilute the distinctive quality of the Rolex Registered Trademarks;

c.  Using a false description or representation, or engaging in any false advertising, including words, photographs or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

d.  Using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site) in connection with any goods or services not authorized by Rolex;

e.  Disseminating any false and/or misleading information relating to the authenticity or nature of Defendants' goods and services with respect to Rolex;

f.  Disseminating any false and/or misleading information about Rolex, the Rolex Registered Trademarks, and/or Rolex products;

g.  Engaging in any other activity constituting false advertising of Rolex products;

h.  Engaging in any other activity constituting unfair competition with Rolex; and

- 32 -

i. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

II.     That Defendants, within ten (10) days of judgment, take all steps necessary to remove from their retail stores, Websites, Social Media Accounts or any other website or social media site containing content displayed or posted by Defendants, whether or not owned or operated by Defendants, all altered/counterfeit or infringing Rolex products and all text using Rolex Registered Trademarks or copies or colorable imitations thereof used to identify altered/counterfeit Rolex products.

III.    That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     That Defendants be required to account to Rolex for all profits resulting from Defendants' sale of altered/counterfeit or infringing ROLEX-branded products and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each mark Defendants have counterfeited.

- 33 -

V.      That Rolex recover from Defendants the costs and disbursements of this action in addition to reasonable attorney and investigator fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

VI.     That Defendants be required to deliver up for destruction to Rolex all materials/goods bearing counterfeit or infringing copies of the Rolex Registered Trademarks pursuant to 15 U.S.C. § 1118.

VII.    That Rolex be awarded punitive damages for Defendants' willful and malicious acts of counterfeiting, infringement, false designations of origin, false descriptions and representations, and unfair competition to deter future unlawful activities as complained of herein.

VIII.   That this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or enforcement of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX.     That pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 777 for malicious, willful and fraudulent injury to Rolex.

X.    That Rolex be awarded such other and further relief as the Court may

deem just and proper.

Respectfully submitted, this 21st day of May, 2025.

s/ *Michael S. French*
Michael S. French
Georgia Bar No. 276680
Brandon R. Parrish
Georgia Bar No. 388223
WARGO FRENCH & SINGER LLP
1175 Peachtree Street, NE
Suite 1650
Atlanta, GA 30361
Phone: (404) 853-1500
mfrench@wfslaw.com
bparrish@wfslaw.com

Beth M. Frenchman
*Pro Hac Vice Application to be Filed*
Jeffrey E. Dupler
*Pro Hac Vice Application to be Filed*
GIBNEY, ANTHONY & FLAHERTY LLP
650 Fifth Avenue
New York, New York 10019
Telephone: (212) 688-5151
bfrenchman@gibney.com
jdupler@gibney.com

Theodore C. Max
*Pro Hac Vice Application to be Filed*
Tyler E. Baker
*Pro Hac Vice Application to be Filed*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza

New York, New York 10112
Telephone: (212) 653-8700
tmax@sheppardmullin.com
tbaker@sheppardmullin.com

*Counsel for Plaintiff Rolex Watch U.S.A., Inc.*