**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> ICEBOX, INC. d/b/a ICEBOX DIAMONDS & WATCHES, and d/b/a SWISSWATCHES.COM; ICEBOX ATLANTA, LLC; SWISS WATCHES GA, LLC; SWISS WATCH CO., LLC; MOIZZ JOOMA; RAFI JOOMA; and ZAHIR JOOMA, <br><br> Defendants. | Case No.: 1:25-CV-002841-ELR |

Defendants Icebox, Inc. d/b/a Icebox Diamonds & Watches, and d/b/a SwissWatches.com, Icebox Atlanta, LLC, Swiss Watches GA, LLC, Swiss Watch Co., LLC, Moizz Jooma, Rafi Jooma and Zahir Jooma (collectively "Icebox" or the "Defendants"), by and through their undersigned counsel submits this Answer and Defenses to the claims in the Complaint filed by Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"). Icebox denies the allegations and characterizations in the Complaint unless expressly admitted herein. Icebox incorporates the headings used by Rolex in the Complaint for convenience and

1

ease of reference, and denies any allegations, assertions, or inferences associated with the same.

## STATEMENT OF THE CASE

1.      Defendants admit that this purports to be an action under the Lanham Act based on allegations of counterfeit and infringing use of Rolex's trademarks. The remaining allegations of Paragraph 1 constitute legal conclusions for which no answer is required.

## SUBJECT MATTER JURISDICTION AND VENUE

2.      Defendants admit that this action purports to be brought under the Lanham Act.    The remaining allegations of Paragraph 2 constitute legal conclusions for which no answer is required.    Nevertheless, Defendants affirmatively state that they do not contest the subject matter jurisdiction of this Court.

3.      Defendants admit that they reside and/or do business in this Judicial District.  The remaining allegations of Paragraph 3 constitute legal conclusions for which no answer is required.  Nevertheless, Defendants affirmatively state that they do not contest the jurisdiction of this Court.

4.      The allegations of Paragraph 4 constitute legal conclusions for which no answer is required.  Nevertheless, Defendants affirmatively state that they do

not contest venue in this District.

## PARTIES AND PERSONAL JURISDICTION

5.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 5.

6.    Icebox admits the allegations in Paragraph 6 pertaining to the address for its place of business.  Icebox denies the remaining allegations in Paragraph 6.

7.    Icebox Atlanta admits the allegations in Paragraph 7 pertaining to the address for its place of business.  Icebox Atlanta denies the remaining allegations in Paragraph 7.

8.    Swiss Watches GA denies the allegations in Paragraph 8 and notes that that this entity is dissolved.

9.    Swiss Watches Co. LLC admits the allegations in Paragraph 9 pertaining to the address for its place of business.  Swiss Watche Co. LLC denies the remaining allegations in Paragraph 9.

10.    Moizz Jooma admits that Icebox, Inc., Icebox Atlanta, Inc., and Swiss Watch, Co., LLC have their principal place of business at 3325 Peachtree Road NE, Atlanta, GA., and he admits that he has an ownership interest in each company and serves as chief executive office of each company. Defendants deny the remaining allegations in Paragraph 10.

11. Rafi Jooma admits that Icebox, Inc., Icebox Atlanta, Inc., and Swiss Watch, Co., LLC have their principal place of business at 3325 Peachtree Road NE, Atlanta, GA., and he admits that he has an ownership interest in each company and serves as the chief financial officer of each company. Defendants deny the remaining allegations in Paragraph 11.

12. Zahir Jooma admits that Icebox, Inc., Icebox Atlanta, Inc., and Swiss Watch, Co., LLC have their principal place of business at 3325 Peachtree Road NE, Atlanta, GA., and he admits that he has an ownership interest in each company and serves as the chief operating officer of each company. Defendants deny the remaining allegations in Paragraph 12.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Rolex's Famous Trademarks

13. Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, deny each and every allegation contained therein.

14. Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, deny each and every allegation contained therein.

15. Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 15 and,

on that basis, deny each and every allegation contained therein.

16.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, deny each and every allegation contained therein.

17.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, deny each and every allegation contained therein.

18.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, deny each and every allegation contained therein.

19.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, deny each and every allegation contained therein.

20.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, deny each and every allegation contained therein.

21.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, deny each and every allegation contained therein.

22.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, deny each and every allegation contained therein.

23.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 23 and, on that basis, deny each and every allegation contained therein.

24.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 24 and, on that basis, deny each and every allegation contained therein.

25.    Defendants admit that Plaintiff attaches copies of records from the United States Patent & Trademark Office, which speak for themselves. Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the remaining allegations contained in Paragraph 25 and, on that basis, deny each and every allegation contained therein.

26.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, deny each and every allegation contained therein.

27.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, deny each and every allegation contained therein.

28.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, deny each and every allegation contained therein.

29.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, deny each and every allegation contained therein.

30.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, deny each and every allegation contained therein.

31.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, deny each and every allegation contained therein.

32.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, deny each and every allegation contained therein.

33.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, deny each and every allegation contained therein.

34.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, deny each and every allegation contained therein.

35.     Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 35 and,

on that basis, deny each and every allegation contained therein.

36.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, deny each and every allegation contained therein.

37.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, deny each and every allegation contained therein.

38.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, deny each and every allegation contained therein.

## DEFENDANTS' ACTIVITIES

39.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, deny each and every allegation contained therein.

40.    Defendants admit that, among other things, Icebox Atlanta sells jewelry and watches at both its brick-and-mortar store and through its website, but deny the remaining allegations in Paragraph 40.

41.    Defendants admit that Icebox Atlanta operates, owns, and/or uses the website www.icebox.com and www.swisswatches.com to advertise and promote products.  Defendants further admit that Exhibit 2 to the Complaint purports to be

8

screenshots of the websites but deny that these screenshots are representative of any of the Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 41.

42.    Defendants admit that Icebox Atlanta it operates, owns, and/or uses the website www.instagram.com/swisswatches.com/ and www.instagram.com/icebox/ to advertise and promote products. Defendants further admit that Exhibit 3 to the Complaint purports to be screenshots of these websites but denies that these screenshots are representative of any of the Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 42

43.    Defendants admit that Icebox Atlanta it operates, owns, and/or uses the website www.facebook.com/icebox/ to advertise and promote its products. Defendants further admit that Exhibit 4 to the Complaint purports to be screenshots of the website www.facebook.com/icebox/ but denies that these screenshots are representative of any of the Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 43.

44.    Defendants admit that Icebox Atlanta it operates, owns, and/or uses the website www.tiktok.com/@icebox/ to advertise and promote products. Defendants further admit that Exhibit 5 to the Complaint purports to be screenshots of that website but deny that these screenshots are representative of any of the Plaintiff's claims. Defendants deny the remaining allegations in

Paragraph 44.

45.    Defendants admit that Icebox Atlanta it operates, owns, and/or uses www.youtube.com/swisswatchescom    and    www.youtube.com/@icebox    to advertise and promote products.  Defendants further admit that Exhibit 6 to the Complaint purports to be screenshots of that website but deny that these screenshots are representative of any of the Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 45.

46.    Defendants admit that Icebox Atlanta operates various social media accounts and that the social media companies purport to indicate publicly that those accounts have a certain number of "followers."   Defendants deny the remaining allegations in Paragraph 46.

47.    Defendants admit that Icebox Atlanta sells jewelry and luxury watches, and Defendants admit that Icebox Atlanta has modified genuine Rolex watches to include diamonds.  Defendants deny that any such modifications were done without extensive disclaimers. Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint and, on that basis, deny each and every remaining allegation contained therein.

48.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 48 and,

on that basis, deny each and every allegation contained therein.

49.    Defendants admit that Icebox Atlanta operates both Swiss Watches Dot Com and Icebox from 3325 Peachtree Road in Atlanta GA, and that the two stores share an entrance.

50.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, deny each and every allegation contained therein.

51.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 51 and, on that basis, deny each and every allegation contained therein.

52.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 52 and, on that basis, deny each and every allegation contained therein.

53.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, deny each and every allegation contained therein.

54.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 54 and, on that basis, deny each and every allegation contained therein.

55.    Admitted,

56.    Denied.

57.    Denied.

58.    Defendants admit that Icebox Atlanta posted a list of authorized Rolex dealers on the swisswatches.com website. Defendants deny the remaining allegations in Paragraph 58.

59.    Admitted.

60.    Admitted.

61.    Defendants admit the authenticity of the screen shots attached as Exhibit 8 to the Complaint. Defendants admit that Icebox Atlanta continues to sell Rolex watches. Defendants deny the remaining allegations in Paragraph 61.

62.    Denied.

63.    Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, deny each and every allegation contained therein.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

## FIRST CAUSE OF ACTION

## Trademark Counterfeiting, 15 U.S.C. §1114

71. Defendants incorporate their prior responses to each and every allegation contained in the paragraphs above.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

## SECOND CAUSE OF ACTION

## Trademark Infringement, 15 U.S.C. § 1114

77. Defendants incorporate their prior responses to each and every allegation contained in the paragraphs above.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

## THIRD CAUSE OF ACTION

13

**False Advertising in Violation of 15 U.S.C. § 1125(a)**

83. Defendants incorporate their prior responses to each and every allegation contained in the paragraphs above.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## FOURTH CAUSE OF ACTION

**False Association and Endorsement/Unfair Competition,
15 U.S.C. § 1125(a)**

93. Defendants incorporate their prior responses to each and every allegation contained in the paragraphs above.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## FIFTH CAUSE OF ACTION

### False Designation of Origin, False Descriptions and Representations, and Unfair Competition, 15 U.S.C. § 1125(a)

99. Defendants incorporate their prior responses to each and every allegation contained in the paragraphs above.

100. Denied.

101. Denied.

## PRAYER FOR RELIEF

1. The allegations in this Paragraph call for a legal conclusion, for which no response is necessary. To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

II. The allegations in this Paragraph call for a legal conclusion, for which no response is necessary. To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

15

III.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

IV.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

V.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

VI.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

VII.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

VIII.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

IX.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

X.    The allegations in this Paragraph call for a legal conclusion, for which no response is necessary.  To the extent the allegations in this paragraph imply any liability on the part of Defendants, such allegations are expressly denied. Defendants further deny that Plaintiff is entitled to the relief prayed for in this Paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are precluded by the nominative fair use doctrine.

### Second Affirmative Defense

Plaintiff's conduct amounts to a waiver of any claim for relief against Defendants.

### Third Affirmative Defense

Plaintiff's conduct amounts to estoppel which prevents the imposition of liability on the Defendants.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by acquiescence or consent.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate any alleged damages it claims to have suffered.

### Sixth Affirmative Defense

Defendants allege that the wrongful acts of third parties proximately caused or contributed to Plaintiff's damages.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the First Sale Doctrine.

### Eighth Affirmative Defense

Plaintiff has failed to allege its purported actual damages with the requisite

particularity.

## Ninth Affirmative Defense

Plaintiff's request for injunctive relief is barred by the lack of any irreparable harm from the purportedly unlawful conduct, if any, by Defendants. Likewise, to the extent Plaintiff can demonstrate that it has suffered damages from the purportedly unlawful conduct, if any, by Defendants, such damages are adequately remedied at law.

## Tenth Affirmative Defense

Plaintiff's restriction on the re-sale of its products constitutes an unlawful restraint of trade that violates, *inter alia,* federal and state anti-trust laws, and thereby also constitutes a trademark misuse.

## Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by laches due to its own unreasonable delay in bringing its claims and the concomitant prejudice to Defendants' business.

## Thirteenth Affirmative Defense

Defendants have not infringed on any valid trademark owned by Plaintiff

and/or Defendant's use of any trademarked work owned by Plaintiff is subject to limitations in the common law and the Lanham Act.

## Fourteenth Affirmative Defense

Plaintiff's claims are barred due to a lack of consumer confusion given that Defendants have made appropriate disclosures and disclaimers.

## Fifteenth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

## Sixteenth Affirmative Defense

Defendants hereby give notice that, due to the lack of information as to certain matters set forth in the Complaint, Defendants have insufficient knowledge or information from which to form a belief as to whether they have additional defenses not expressly enumerated in the preceding paragraphs.  Defendants thus hereby reserve their right to amend their Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery.

Respectfully submitted this 11th day of July, 2025.

BUCHALTER APC

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115
Austin C. Vining

20

Georgia Bar No. 362473
3475 Piedmont Rd NE, Suite 1100,
Atlanta, GA 30305
Telephone: (404) 832-7530
ahyland@buchalter.com
avining@buchalter.com

**FOX ROTHSCHILD LLP**

Andy Nikolopoulos *(Pro Hac Vice Application Forthcoming)*
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 231-5776
Telecopier: (972) 404-0516
Anikolopoulous@foxrothschild.com

Nicholas B. Corser
999 Peachtree Street NW, Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 962-1000
Telecopier: (404) 962-1200
NCorser@foxrothschild.com

*Counsel for Defendants*